# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD W. WILLIAMSON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-096-CFC |
| DEAN C. JOHNSON, et al., | : |
| Defendants. | : |

Ronald W. Williamson, Delaware Psychiatric Center, New Castle, Delaware. Pro Se Plaintiff.

## MEMORANDUM OPINION

July 1, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

I. **INTRODUCTION**

Plaintiff Ronald W. Williamson ("Plaintiff"), an individually criminally charged and found incompetent to stand trial, is housed and treated at the Delaware Psychiatric Center ("DPC") in New Castle County, Delaware. Plaintiff appears *pro se* and has paid the filing fee. He filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 1, 7) Plaintiff requests counsel. (D.I. 3) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915A(a).[1]

II. **BACKGROUND**

In 2011, Plaintiff was charged with two counts of Murder First Degree and numerous additional crimes related to the shooting death of Connie Breeding. *State v. Williamson*, 2017 WL 6513502 (Del. Super. Nov. 28, 2017). Plaintiff was initially found competent to stand trial. *State v. Williamson*, 59 A.3d 490. (Del. Super. 2012). However, Defendant Dean C. Johnson ("Johnson"), Plaintiff's then court appointed public defender, sought a reevaluation and a second competency hearing was held on December 14, 2012. *State v. Williamson*, 2013 WL 268981, at *1 (Del. Super. Jan. 23, 2013). On January 23, 2013, the Delaware Superior Court concluded that Plaintiff was not competent and ordered Plaintiff to remain at the DPC for it to take measures to restore Plaintiff's competency. *Id.* at *8-9.

---

[1] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005). Plaintiff, at all relevant times, meets the definition of a prisoner. *See* 28 U.S.C. § 1915A(c) (a prisoner is a "person incarcerated or detained in any facility who is accused of . . . violations of criminal law."); *see also Banks v. Hornak*, 698 F. App'x 731 (4th Cir. 2017); *Sergentakis v. Channell*, 272 F. Supp. 3d 221, 226 (D. Mass. 2017) (citing cases).

1

Plaintiff remained at the DPC until March 5, 2014, when he was transferred to the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, after he was "falsely accused of threatening" a physician. (D.I. 1 at 5) Plaintiff returned to the DPC on August 8, 2014. (*Id.*) On February 14, 2016, Plaintiff was transferred to the Sussex Correctional Institution ("SCI") in Georgetown, Delaware, where he was told by another inmate the reason for the transfer was that the DPC had accused Plaintiff of threatening to riot. (*Id.* at 5) Plaintiff alleges that DPC Director Nancy Pearsall ("Pearsall") violated his right to due process because he was transferred to another facility based upon false accusations that were entered into personnel records. (*Id.* at 2) It is not clear if Plaintiff is referring to the March 2014 transfer or the February 2016 transfer.

Plaintiff alleges that he was housed at the SCI for ten months and during that time "long lapses of no medications occurred during renewals of fifteen days or more."[2] (*Id.* at 12) Plaintiff alleges that he was transferred to the DPC on December 12, 2017 and a month later while being treated for pneumonia, he was told by a physician that lapses of medication causes his heart to operate at 45 percent. (*Id.*) Plaintiff alleges he was denied proper medical treatment and that Defendant Connections Community Support Programs ("Connections") denied his monthly medications for ten to fifteen days as "a cost saving measure." (*Id.* 2, 12)

---

[2] The timeline provided by Plaintiff does not compute. He alleges that he was transferred to the SCI on February 14, 2016 where he remained for ten months and returned to the DPC on December 12, 2017. Ten months from February 14, 2016 is December 14, 2016; not December 12, 2017. The Court notes that Judge Stokes ordered the transfer of Plaintiff to the DPC on October 25, 2017 for treatment for competency restoration purposes. *See Williamson*, 2017 WL 6513502 at n.1. It simply is not clear where and when Plaintiff was housed during 2016 and 2017.

In May 2017, a third competency hearing was held that extended over several days. *Williamson*, 2017 WL 6513502 at *2. Following the May hearing, a confidential informant[3] approached the State with information — some known and some new — and all testifying experts were provided with the information. *Id.* at *3. After the State informed the Court that it was unable to establish there had been a significant change in Plaintiff's mental status that would justify an altering of the Court's January 23, 2013 decision, the Court found that the State had not met its burden of proving Plaintiff competent and, on November 28, 2017, found that its "previous ruling that [Plaintiff] is incompetent to stand trial stands." *Id.* at *5. The Court ordered the professionals at the DPC to commence immediate treatment and to explore the administration of antipsychotic medication or other psychotropic medication. *Id.* The Court ordered the State to advise if Plaintiff refused any appropriate medication and to move for an order to involuntarily medicate Plaintiff in an effort to restore his competence so that he may stand trial. *Id.*

The Honorable Richard F. Stokes ("Judge Stokes"), who is not a named defendant, presided over all three competency hearings.[4] Johnson represented Plaintiff

---

[3] Plaintiff identifies the informant as Michael Jarvis ("Jarvis"). Although Jarvis is not named as a defendant, Plaintiff alleges that Jarvis made false accusations in order to procure a lighter sentence, and tried to extort money from Plaintiff's sister. (D.I. 1 at 7, 14) To the extent that Plaintiff intended to name Jarvis as a defendant, the claim is legally frivolous. Plaintiff filed this action under 42 U.S.C. § 1983. When making such a claim there must be allegations that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). There are no allegations that Jarvis is a State actor or that Jarvis, an inmate, acted under color of law.

[4] Although he is not a named defendant, Plaintiff alleges that Judge Stokes violated his right to due process and equal protection by his arbitrary and capricious decisions. (D.I. 1 at 14) To the extent that Plaintiff intended to name Judge Stokes as a defendant, all

3

at the first and second competency hearings. On April 3, 2014, a new attorney, Thomas A. Pederson ("Pederson"), was appointed to represent Plaintiff, and Pederson represented Plaintiff at the third competency hearing. Defendant Deputy Attorney General Melanie Withers ("Withers") represented the State at the second and third competency hearings.

Plaintiff alleges that Johnson conspired with Judge Stokes and Withers to deny him "due process with false accusations of mental illness" and equal protection under the law. (D.I. 1 at 2, 14). Plaintiff alleges that Withers, conspired with other Defendants "to deny due process to Plaintiff's accusations of misconduct by the conspirators actions." (*Id.*) He also alleges malicious prosecution during the third competency hearing when Withers used an unreliable information without verifying his credibility and used the "confidential informant's false information." (D.I. 1 at 3, 6)

Plaintiff alleges that when the DPC discovered that he was using "classroom time" to prepare this Complaint, his classroom time was severely curtailed and he had only sporadic visits to the classroom. (*Id.* at 9) The classroom houses the law library and Plaintiff alleges DPC is "blocking [his] access to the Courts and law library" in violation of the First Amendment. (*Id.*) Plaintiff brought this complaint to the attention of Pearsall. On August 26, 2018, Plaintiff was told by the facilitator that for some unknown reason Sunday classroom times were canceled for the next three weeks. (*Id.*) Plaintiff

---

actions taken by Judge Stokes prior to January 16, 2017 are time-barred by the two-year limitation period for claims raised under 42 U.S.C. § 1983. Moreover, Judge Stokes is immune from suit. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)).

alleges that Pearsall "tried to block [his] access to the courts with her denial of access to equipment to type a complaint." (*Id.* at 2)

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. He also asks the Court to order the dismissal with prejudice of all pending criminal charges in State court.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch*

*v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574

U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. See id. at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## IV. DISCUSSION

### A. Statute of Limitations

Plaintiff commenced this action on January 10, 2019.[5] For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. Wilson

---

[5] The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." The complaint is deemed filed as of the date it was delivered to prison officials for mailing to the court. See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998); Gibbs v. Decker, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Here Plaintiff's Complaint was signed on January 10, 2019, and the envelope it was mailed in is post-marked January 15, 2019. Therefore, Plaintiff's Complaint was delivered to DPC authorities for mailing between January 10, 2019 and January 15, 2019. Giving Plaintiff the benefit, the Court concludes that Plaintiff's Complaint was filed on January 10, 2019, the date it was signed, and the earliest date possible that it could have been delivered to DPC officials in Delaware for mailing.

7

*v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915A(b)(1).

Plaintiff complains of acts occurring prior to January 16, 2017 and specifically from June 27, 2011 through February 14, 2016. (*See* D.I. 1 at 3-5 at ¶¶ at 1-15) These dates include all claims against Johnson and the unlawful March 2014 and February 2016 transfer claims against Pearsall. It is evident from the face of the Complaint that all claims that accrued prior to January 16, 2017 are barred by the two year limitations period.

Because the allegations fall outside the limitation period, the Court will dismiss all claims that occurred prior to January 16, 2017, including all claims against Johnson and

8

the due process/unlawful transfer claim against Pearsall pursuant to 28 U.S.C. § 1915A(b)(1).

B. **Prosecutorial Immunity**

Plaintiff alleges that Withers, a Deputy Attorney General, failed to check the credibility of an unreliable informant and elicited the informant's testimony at the third competency hearing in May 2017.

A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted), *aff'd sub. nom.*, *Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Moreover, prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d at 208. Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

The acts complained of by Plaintiff fit squarely within the realm of Withers' prosecutorial duties and she enjoys immunity from § 1983 liability for those acts. The claims against Withers will be dismissed based upon her immunity from suit pursuant to 28 U.S.C. § 1915A(b)(2).

C. **Conspiracy**

Plaintiff alleges that Withers conspired with other Defendants to deny him the right to due process. To state a conspiracy claim under § 1983, Plaintiff must show that

9

"persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. V. N .E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000) (*citing Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)).

The allegations do not support a valid theory of liability for conspiracy under § 1983. As discussed above, Withers has prosecutorial immunity. In addition, while Plaintiff uses the word "conspiracy" there are no allegations that there was an agreement to deny Plaintiff his right to due process nor are there any other allegations that rise to the level of constitutional violations. Withers represented the State at the second and third competency hearing. All claims related to the second competency hearing occurred prior to January 16, 2017 and, as discussed above, are time-barred. With regard to the third competency hearing, Judge Stokes' opinion indicates that the State conceded that it could not prove Plaintiff was competent to stand trial. *See Williamson*, 2017 WL 6513502, at *5. Nothing in that opinion indicates there was a violation of Plaintiff's right to due process. Had this been the case, Plaintiff could have appealed the Superior Court's November 28, 2017 decision.

The Court's experience and common sense lead it to recognize that the Complaint does not state a facially plausible claim for relief for conspiracy. *See Iqbal*, 556 U.S. at 679. Therefore, the claim will be dismissed as legally frivolous pursuant to pursuant to 28 U.S.C. § 1915A(b)(1).

### D. Access to the Courts

Plaintiff alleges that Pearsall "tried to block access to the [c]ourts with her denial of Plaintiff's access to equipment to type a complaint. A violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher*, 536 U.S. at 415.

Plaintiff alleges that he was not given as much access to the classroom for typing his complaint as he would have liked. Plaintiff filed a typewritten complaint. Clearly, he was given sufficient access to a typewriter to prepare the Complaint he filed. The allegations do not allege a First Amendment access to the courts claim. Moreover, Plaintiff did not allege that he lost a claim because of the supposed lack of typewriter access and, therefore, he has not stated an access to the courts claim. *See Williams v. Secretary Pennsylvania Dep't of Corr.*, 566 F. App'x 113, 117 (3d Cir. 2014). The claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

### E. Medical Needs

Finally, Plaintiff alleges that Connections, the Delaware Department of Correction medical contract provider, deprived him of his monthly medications for ten to fifteen days as a cost saving measure. When a plaintiff relies upon a theory of respondeat superior to hold a corporation liable, he must allege a policy or custom that

demonstrates such deliberate indifference. *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989); *Miller v. Correctional Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992).

In order to establish that Connections is directly liable for the alleged constitutional violations, Plaintiff "must provide evidence that there was a relevant [Connections] policy or custom, and that the policy caused the constitutional violation[s] [plaintiff] allege[s]." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (because respondeat superior or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

It is not clear if Plaintiff did not receive his medications ten to fifteen days every month, or if he did not receive his medication ten to fifteen during the entire time he was housed at the SCI. In addition, as described above, *see* n.2, *supra*, it is not clear when Plaintiff was actually housed at the SCI and it may be that this claim is time-barred. Finally, Plaintiff alleges in a conclusory manner, without supporting facts, that the delay in the receipt of renewed medications was due to cost savings measures.

Plaintiff has provided nothing more than labels and conclusions in asserting this claim. It simply does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Accordingly, the claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for counsel (D.I. 3);[6] and (2) dismiss the Complaint as frivolous and based upon Withers' immunity from suit pursuant 28 U.S.C. § 1915A(b)(1) and (2). Amendment is futile.

An appropriate order will be entered.

---

[6] Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff paid the filing fee and, therefore, he does not qualify for counsel under § 1915.

13